FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP



Direct Line: +1.212.859.8455
Email: peter.simmons@friedfrank.com

January 15, 2025

*__Via ECF__*
Hon. Paul A. Engelmayer
United States District Court
for the Southern District of New York
40 Centre Street
New York, NY 10007

>      Re:    ***Damri v. LivePerson Inc.,*** **No. 1:23-cv-10517-PAE**

Dear Judge Engelmayer:

Following up on your question at yesterday's hearing on LivePerson's motion to dismiss, we write to provide supplemental authority regarding the scope of what is covered by internal controls over financial reporting (ICFR) and the extent to which the material weakness identified during the 2022 audit and disclosed in LivePerson's 2022 10-K bears retroactively on plaintiff's allegations about financial matters earlier in the year.

ICFR is defined in 17 C.F.R. § 240.13a-15(f) as relating solely to the reliability of financial reporting and the preparation of financial statements in accordance with GAAP, and specifically, policies and procedures designed to:

- Ensure the maintenance of records that accurately and fairly reflect transactions and asset dispositions, § 240.13a-15(f)(1);

- Assure that transactions are recorded to permit the preparation of financial statements in accordance with GAAP, § 240.13a-15(f)(2); and

- Provide reasonable assurance regarding the prevention or timely detection of unauthorized asset use or disposition that could materially affect the financial statements, § 240.13a-15(f)(3).

The definition does not by its terms extend to forecasts or guidance, which in any event are not necessarily expressed in GAAP terms (*e.g.*, EBITDA). The definition of a material weakness in ICFR similarly is tied to the misstatement, reporting or detection of errors in the financial statements, not in guidance. 17 C.F.R. 210.1-02(a)(4).

Further, as Judge Carter concluded in *In re Veon Ltd. Sec. Litig.*, 2021 WL 930478, at *6 (S.D.N.Y. Mar. 11, 2021), "17 C.F.R. § 240.13a-15 ... does not create disclosure requirements [as to the substantive underlying financial risk, such as the bribe at issue in *Veon*]. ... Moreover, the Court has not found ... any case that provides that the ... regulation creates disclosure requirements."

One New York Plaza, New York, New York 10004—1980
T: +1.212.859.8000  *friedfrank.com*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Hon. Paul A. Engelmayer                                                January 15, 2025
                                                                       Page 2

Thus, even if the notes to (and not just the numerical results in) LivePerson's financial statements were covered by the company's ICFR process, as you inquired, and even if LivePerson had in fact received a pre-suspension notice from the Centers for Medicare & Medicaid Services prior to filing its Q3 2022 10-Q, as plaintiff suggests, the ICFR process would at most call for *consideration* of the issue by management, not automatic *disclosure*.

Additionally, any analysis of a contingent financial risk would also be subject to Accounting Standards Codification (ASC) 450, Contingencies, which itself is subject to a materiality analysis. When the company disclosed the Medicare payment suspension, it noted that the action would affect Q4 2022 revenues (*see* Compl. ¶ 15) but said nothing about the far smaller amount recorded in Q3, consistent with that figure not being material at the earlier Q3 announcement date.

Respectfully submitted,

Peter L. Simmons

cc:     All counsel of record (*via ECF*)

66214421