

January 15, 2025

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street
New York, NY 10007

      RE:  *Damri v. LivePerson, Inc. et al.,* No. 1:23-cv-10517 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

At the hearing held before this Court yesterday, January 15, 2025, Your Honor requested citations (with no argument) supporting that disclosure controls and internal controls are intended to cover more than simply the "cold hard numbers" in Liveperson, Inc.'s ("Liveperson") financial statements. Toward that end, Plaintiff respectfully provides the following citations with direct quotes to aid the Court's analysis:

1. **Liveperson's Form 10-K for the year ended December 31, 2022, filed on March 16, 2023**:

   > Our management, including the Chief Executive Officer and Chief Financial Officer, evaluated the effectiveness of our "***disclosure controls and procedures,***" as that term is defined in ***Rule 13a-15(e)*** promulgated under the Exchange Act, as of December 31, 2022. Disclosure controls and procedures ensure that the information we are required to disclose in the reports that we file or submit under the Exchange Act is recorded, processed and summarized within the time periods specified in the Securities and Exchange Commission's rules and forms, and ensure that such information is accumulated and communicated to our management, including the Chief Executive Officer and Chief Financial Officer, as appropriate to allow timely decisions regarding required disclosure.

   > Based on that evaluation, the Chief Executive Officer and Chief Financial Officer concluded that, ***due to certain control deficiencies which aggregated to a material weakness in the Company's internal control over financial reporting as further described below, our disclosure controls and procedures were not effective as of December 31, 2022***.

***

600 Third Avenue, New York, New York 10016  tel: 212.661.1100  www.pomerantzlaw.com

NEW YORK    CHICAGO    LOS ANGELES    PARIS



Hon. Paul A. Engelmayer, U.S.D.J.
January 15, 2025
Page 2

Our management is responsible for establishing and maintaining adequate "***internal control over financial reporting***," as that term is defined in __***Rule 13a-15(f)***__ promulgated under the Exchange Act. Our internal control system is designed to provide reasonable assurance to our management and Board of Directors regarding the preparation and fair presentation of published financial statements. Our management evaluated the effectiveness of our internal control over financial reporting as of December 31, 2022 based on the framework established in "Internal Control — Integrated Framework (2013)," issued by the Committee of Sponsoring Organizations of the Treadway Commission ("COSO"). As a result of its review, management identified deficiencies in the Company's internal control over financial reporting as of December 31, 2022 that in the aggregate constitute a material weakness as further discussed below. As a result, our management concluded that as of December 31, 2022, our internal control over financial reporting was not effective.

***The control deficiencies, which in aggregate constitute a material weakness***, were identified in connection with the Company's previously disclosed review of certain transactions related to its subsidiary WildHealth, which was acquired in February 2022, and ***primarily include a combination of ineffective operation of controls and inadequate controls related to***: formal review, approval, and evaluation of non-core, complex transactions __***as well as engagement with government agencies***__; segregation of duties between accounting and contracting approval functions for non-core, complex transactions; and formal review, approval and evaluation of manual journal entries.

(Emphasis added).

2. __**Rule 13a-15(e)**__:

(e) For purposes of this section, the term disclosure controls and procedures means controls and other procedures of an issuer that are designed to ensure that ***information required to be disclosed by the issuer in the reports that it files or submits under the Act*** (15 U.S.C. 78a et seq.) is recorded, processed, summarized and reported, within the time periods specified in the Commission's rules and forms. Disclosure controls and procedures include, without limitation, controls and procedures designed to ensure that information required to be disclosed by an issuer in the reports that it files or submits under the Act is accumulated and communicated



Hon. Paul A. Engelmayer, U.S.D.J.
January 15, 2025
Page 3

> to the issuer's management, including its principal executive and principal financial officers, or persons performing similar functions, as appropriate to allow timely decisions regarding required disclosure.

17 CFR 240.13a-15 (Emphasis added).

3. ***Certification of Disclosure in Companies' Q. & Ann. Reps.*, Release No. 8124 (Aug. 28, 2002), III.B.**

> [T]he [disclosure controls and procedures] should ensure timely collection and evaluation of information potentially subject to disclosure under the requirements of Regulation S-X, Regulation S-K or S-B and Forms 20-F and 40-F. The procedures should capture information that is relevant to an assessment of the need to disclose developments and ***risks that pertain to the issuer's businesses***.

https://www.sec.gov/rules-regulations/2002/08/certification-disclosure-companies-quarterly-annual-reports (Emphasis added); *See also* 17 C.F.R. § 240.12b-20 ("In addition to the information expressly required to be included in a statement or report, there shall be added such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made not misleading.")

4. **Rule 13a-15(f)**:

> **(f)** The term internal control over financial reporting is defined as a process designed by, or under the supervision of, the issuer's principal executive and principal financial officers, or persons performing similar functions, and effected by the issuer's board of directors, management and other personnel, ***to provide reasonable assurance regarding the reliability of financial reporting*** <u>***and the preparation of financial statements for external purposes***</u> in accordance with generally accepted accounting principles and <u>***includes***</u> [*i.e. is not limited to*] those policies and procedures that:
> **(1)** Pertain to the maintenance of records that in reasonable detail accurately and fairly reflect the transactions and dispositions of the assets of the issuer;
> **(2)** Provide reasonable assurance that transactions are recorded as necessary to permit preparation of financial statements in accordance with generally accepted accounting principles, and that receipts and expenditures of the issuer are being made only in accordance with authorizations of management and directors of the issuer; and



Hon. Paul A. Engelmayer, U.S.D.J.
January 15, 2025
Page 4

**(3)** Provide reasonable assurance regarding prevention or timely detection of unauthorized acquisition, use or disposition of the issuer's assets that could have a material effect on the financial statements.

17 CFR 240.13a-15 (Emphasis added).

Respectfully submitted,

_____
Tamar A. Weinrib

cc:     All counsel of record (*via ECF*)